UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SUSAN BLANKENSHIP, ET. AL., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 4:12CV293SNLJ |
| ) | |
| PHILADELPHIA INDEMNITY INS. CO., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

Plaintiffs originally filed this breach of insurance contract action in the Circuit Court of St. Louis County, Missouri on or about January 17, 2012. On or about February 16, 2012, defendant filed its Notice of Removal with the federal court.  As grounds for said removal, defendant asserted only federal question jurisdiction based upon its assertion that the state court dispute arose under the laws of the United States, more specifically, under ERISA.  Notice of Removal [1].  This matter is before the Court on the plaintiffs' motion to remand [7], filed February 29, 2012.  All responsive pleadings have now been filed and the matter is ripe for disposition.

Plaintiffs brought suit in state court alleging a state common law cause of action for breach of an insurance contract.  Plaintiffs contend that defendant has a contractual obligation to provide coverage under a policy of insurance issued by defendant to Contemporary Flooring & Design, Inc.  Plaintiffs' state court action is related to a prior federal court action brought by the plaintiffs against (defendant) Thomas J. Chamberlain.  *See*, **Blankenship, et. al. v. Chamberlain**, Case No. 4:08CV1168ERW.   The federal lawsuit involved an employee stock ownership plan (ESOP); i.e. the Contemporary Carpet Contractors, Inc. Employee Stock Ownership Plan and Trust (the Contemporary ESOP).  Plaintiffs were the former employees of Contemporary Carpet

Contractors and participants in the Contemporary ESOP; defendant Chamberlain was the President of Contemporary Carpet Contractors, a member of its Board of Directors, and the sole trustee of the Contemporary ESOP.  Plaintiffs brought ERISA claims based upon theories of corporate mismanagement, self-dealing, and breach of fiduciary duty by Chamberlain as an ESOP trustee and officer and director of Contemporary Carpet Contractors.

On or about March 29, 2011 the District Court approved and entered a Consent Judgment wherein the plaintiffs were awarded damages in the amount of $1,500,000.00 on Count II of their second amended complaint, and Count I of their second amended complaint was dismissed with prejudice.  *See*, Exhibit 6 to Notice of Removal [1-6].

All choses in action under the subject insurance policy issued by defendant Philadelphia Indemnity Ins. Co. (hereinafter referred to as simply "Philadelphia") were assigned by Contemporary and Chamberlain to the plaintiffs.  Both Chamberlain, and the plaintiffs have made demand on Philadelphia for coverage under the subject insurance policy, and such demands have been rejected by Philadelphia.  Plaintiffs filed the subject state court action for breach of insurance contract because Philadelphia denied coverage for the claim that was asserted in federal court and resulted in the consent judgment entered against Chamberlain, and the plaintiffs are now the assignees of Chamberlain's choses of action under the Philadelphia insurance policy.

Defendant Philadelphia objects to remand on two grounds: 1) the state court action arises under federal law because it is an action to enforce a settlement agreement reached in an ERISA action and which requires a court to construe and apply provisions of the ERISA plan, as well as the settlement agreement; and 2) removal was proper under diversity jurisdiction.

The Court has carefully reviewed the parties' pleadings, the relevant documents pertaining to Case No. 4:08CV1168ERW, the Notice of Removal, and the relevant caselaw.  The Court

2

determines that the Court lacks subject matter jurisdiction in that the subject state court action does not arise under federal law nor requires primarily the construction and/or application of federal law (in this case, ERISA) in its adjudication.  Furthermore, the Court finds that any assertion of diversity jurisdiction, as of this date, is untimely.  The plaintiffs' motion to remand will be granted.

This case was removed solely on the basis of federal question jurisdiction under 28 U.S.C. §1331.  However, in response to the instant motion to remand, the defendant now seeks to remove under the additional ground of diversity jurisdiction pursuant to 28 U.S.C. §1332.

28 U.S.C. §§1441 and 1446 govern removal of a state court action to federal court.  Pursuant to 28 U.S.C. §1446(b), removal of diversity jurisdiction cases is required within thirty (30) days of when diversity jurisdiction is established.[1]  However, a removal petition may be amended during the 30-day period that a petition for removal may be filed with the federal court.  McNerny v. Nebraska Public Power District, 309 F.Supp.2d. 1109, 1115 (D.Neb. 2004)(citations omitted).  Furthermore, although a notice may be amended after the 30-day period, the notice can only be amended to add specific facts supporting the originally stated ground(s) for removal or to clarify the grounds for removal as stated in the original removal notice.  The amendments cannot add new grounds for removal once the 30-day period has expired.  Whitehead v. The Nautilus Group, Inc., 428 F.Supp.2d. 923, 928-29 (W.D.Ark. 2006)(citations omitted); McNerny, at 1115; *see also*, Lindsey v. Dillard's, Inc., 306 F.3d. 596, 600 (8th Cir. 2002)(defendant was time-barred from asserting new ground for removal based upon diversity jurisdiction).

---

[1]Furthermore, not only must diversity jurisdiction removal be made within 30 days from the establishment of complete diversity, but such removal cannot be made more than one (1) year after commencement of the state court action.  28 U.S.C. §1446(b) and (c).

3

In the present case, the Notice of Removal clearly bases removal only on subject matter jurisdiction; i.e. that the state court case arises under or significantly involves questions of federal law (ERISA law).  It clearly states that the only jurisdictional basis for removal is 28 U.S.C. §1331: "Pursuant to this Notice of Removal, Philadelphia is removing the State Court Action in accordance with 28 U.S.C. §1441, on the grounds that the State Court Action is a civil action over which this Court has original jurisdiction, pursuant to 28 U.S.C. §1331, because the dispute arises under the laws of the United States, and specifically, under ERISA."  Notice of Removal [1].

Defendant, to date, has never sought to amend its original Notice of Removal.  There is no allegation that diversity of citizenship was only recently discovered preventing defendant from asserting diversity jurisdiction in the first place or within 30 days of the establishment that diversity jurisdiction existed.  Although diversity jurisdiction may exist, the fact remains that defendant's removal notice of February 16, 2012 made no mention of diversity jurisdiction and only based removal on 28 U.S.C. §1331.  Philadelphia's first mention of diversity jurisdiction came in its response to the instant remand motion and well beyond the 30 days period set out in §1446(b).  Defendant Philadelphia is barred under the time limitations of §1446(b) to belatedly assert diversity jurisdiction.  *See*, Lindsey v Dillard's, Inc., *supra.*

Removal of a state court action based upon federal question jurisdiction is governed by the "well-pleaded complaint" rule.  Pet Quarters, Inc. v. Depository Trust and Clearing Corp., 559 F.3d. 772, 779 (8th Cir. 2009); Gore v. Trans World Airlines, 210 F.3d. 944, 948 (8th Cir. 2000)(*citing* Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987)); *see also*, Merrill Dow Pharms., 478 U.S. at 808 ('[W]hether a claim `arises under' federal law must be determined by reference to the `well-pleaded complaint.'").  This rule dictates that federal question jurisdiction

4

exists "only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar, Inc., 482 U.S. at 392. The plaintiff is the master of his/her complaint and may avoid federal removal jurisdiction by relying exclusively on state law. Caterpillar, Inc., 482 U.S. at 392, n.7.

A claim arises under federal law if federal law creates the cause of action in the complaint or if the vindication of a right under state law necessarily depends on resolution of a substantial question of federal law. Merrill Dow Pharms., 478 U.S. at 808. The "mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." Merrill Dow Pharms., 478 U.S. at 813. However, the plaintiff's "characterization of a claim as based solely on state law is not dispositive of whether federal question jurisdiction exists." Peters v. Union Pacific Railroad Co., 80 F.3d. 257, 260 (8th Cir. 1996). In certain cases federal question jurisdiction will lie over state law claims that implicate significant federal issues. Grable & Sons Metal Prods. v. Darue Eng'g & Mfg., 545 U.S. 308, 312 (2005). "The doctrine captures the commonsense notion that a federal court ought to be able to hear claims recognized under state law that nonetheless turn on substantial questions of federal law, and thus justify resort to the experience, solicitude, and hope of uniformity that a federal forum offers on federal issues." Grable & Sons Metal Prods., 545 U.S. at 312. There is no "single, precise, all-embracing test for jurisdiction over federal issues embedded in state-law claims between nondiverse parties." Grable & Sons Metal Prods., 545 U.S. at 314 (internal citations omitted). In order to determine whether a case falls within the small and special cases falling within the "arising under" category, the relevant analysis is as follows: "does a state-law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." Grable & Sons

Metal Prods., 545 U.S. at 314; Central Iowa Power Coop. v. Midwest Indep. Transmission Sys. Operator, Inc., 561 F.3d. 904, 912 (8th Cir. 2009)(*citing* Grable & Sons Metal Prods., *supra.*).

Defendant contends that removal is proper because the plaintiffs' state court action is actually one to enforce a settlement of its ERISA claim in a prior federal court action. Defendant asserts that adjudication of the state court action will require the construction and application of an ERISA plan, the settlement agreement, and presumably ERISA law itself.  The Court disagrees.

The Court has carefully reviewed the state court complaint, and the relevant documents pertaining to Case No. 4:08CV1168ERW.  What is central to the state court action is the applicability of the subject insurance policy to cover the "loss" sustained in the federal court action; i.e. the judgment obtained.  Plaintiffs are not seeking the enforceability of any "settlement agreement"; instead, they are seeking a judicial review of defendant's insurance policy, and whether its provisions can be applied to extend coverage on a claim perfected in a federal court judgment.

Although the federal court action and the state court action are linked, the link does not under arise under federal law.  The plaintiffs simply are contending that the monetary judgment reached in the federal court action constitutes a "loss" under that part of the defendant's insurance policy that extends coverage for "D & O Wrongful Acts" committed by an "insured".  Such an adjudication does not require interpretation and application of ERISA law, or the review of any ERISA plan.  The state court action seeks a judicial finding that a loss is a "covered loss" under the subject policy.  The fact that the "loss" is a money judgment stemming from a federal lawsuit does not alter the basic foundation of the state court action - interpretation and application of the provisions of an insurance contract.  Whether or not the "loss" is a "covered loss" turns on

Missouri state law, and any reference to ERISA does not involve substantial questions of federal law.  There is no compelling federal interest nor a substantial question of federal law presented in the state court action.

The state court action is nothing more than a common law breach of insurance contract action best suited for adjudication by the state court.

As for the plaintiffs' request for attorneys' fees in the amount of $2500.00, this request will be held in abeyance.  Although attorneys' fees and costs are recoverable under 28 U.S.C. §1447(c), plaintiffs have failed to file any exhibits, including attorney affidavits, which evidences the basis for the fee request.  There is nothing on the record that indicates in any way when said fees were generated, who generated said fees, the hourly fee rate for said fees, the total billable hours for the fees requested, and/or the substance of the work generated for the fees.

Accordingly,

**IT IS HEREBY ORDERED** that the plaintiffs' motion to remand [7] be and is **GRANTED.**

**IT IS FURTHER ORDERED** that this cause of action, in its entirety, be and is **REMANDED** to the Circuit Court of St. Louis County, Missouri for further adjudication.

**IT IS FINALLY ORDERED** that this Court retains jurisdiction only as to the issue of attorneys' fees and costs in connection with the plaintiffs' motion to remand.  Plaintiffs shall file, on or before September 14, 2012 all documents necessary to fully and completely support its claim for attorneys' fees and costs in the amount of $2500.00.  Failure to file such documentation as ordered by this Court risks the dismissal with prejudice of the request for said fees.  Defendant shall have up to and including September 21, 2012 to file a responsive pleading.  The Court will

deem this matter ripe for disposition at that time and no further pleadings shall be filed except with good cause shown.

Dated this ___30th___ day of August, 2012.

_____
UNITED STATES DISTRICT JUDGE

8